■ In the Matter of STATEN ISLAND BUS, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent board of education to make its award with respect to transportation services in accordance with the provisions for public bidding set forth in section 305 of the Education Law, the appeal is from a judgment of the Supreme Court, Kings County (Leone, J.), dated June 2, 1981, which, *inter alia,* dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted. The Board of Education of the City of New York (board) awarded to the Pioneer Transportation Corp. (Pioneer), effective September, 1979, a four-year contract for transportation services. The contract, which was awarded to Pioneer pursuant to public bidding, obligated Pioneer to transport over 19,000 students to and from 74 named schools. Recently, the board learned that as of September, 1981, the New York City Transit Authority was going to terminate its transportation services rendered to approximately 18,000 high school and junior high school students on Staten Island. The board determined that it did not have to solicit bids with respect to these services. Rather, it decided to award Pioneer the contract, which was in excess of four million dollars, relying on article 13 of the 1979 contract, which provides in relevant part, as follows: "At any time during the period of the Contract the number of vehicles required in an item may be increased or decreased and the schedules may be adjusted due to changes in pupil population, or changes in policy or directives adopted by the Board of Education, the City of New York, the State Education Department, and/or the Financial Control Board * * * During the period of the contract, the contractor shall provide any and all additional buses that are deemed necessary by the Director, but in no event shall the contractor be required to provide more than ten (10) percent above the number of vehicles originally awarded. If the contractor is willing, at the request of the Director, to furnish vehicles in excess of ten (10) percent above the number originally contracted for, the contractor shall confirm such agreement in writing to the Director within five (5) business days of the receipt of

the offer." Staten Island Bus, Inc., is one of the largest school bus contractors within the City of New York. It is desirous of obtaining the contract for transportation of the additional 18,000 pupils and brought the instant article 78 proceeding to compel the board to seek competitive bids before it provides further school bus transportation in Staten Island. Special Term, *inter alia,* dismissed the petition, holding that the 1979 agreement between the board and Pioneer is a requirements contract and that further school bus transportation was contemplated by them. We disagree. Article 13 plainly states that *"in no event* shall the contractor [Pioneer] be required to provide *more than ten (10) percent* above the number of vehicles originally awarded". (Emphasis added.) Additional transportation would be furnished by Pioneer only if it were willing to do so. The question before us involves the interpretation of the aforesaid contract, and whether the board's decision violates the State's competitive bidding laws. The contract contemplated only comparatively modest increases in the amount of service the board would require, viz. 10% or about $400,000. If Pioneer consented, an unspecified amount of additional transportation service would be provided. However, under the circumstances, the awarding of an additional approximately four million dollars in services, a 100% increase, would usurp the spirit of competitive bidding (cf. *Matter of Fischbach & Moore v New York City Tr. Auth.,* 79 AD2d 14). In *Matter of Tufaro Tr. Co. v Board of Educ.* (79 AD2d 376, 380) this court stated "We think it clear that a solution should have been found, not by resort to a strained interpretation of an inapplicable contract provision, but through adherence to the principles of competitive bidding". In the instant case, public policy would best be served by following the same course. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.